IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, : | |
|    Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 25-CV-2771 |
| : | |
| ADAM STATON, : | |
|    Defendants. : | |

**MEMORANDUM**

**MCHUGH, J.**                                                                                           **OCTOBER 2, 2025**

Plaintiff Edmund Randolph,[1] an unrepresented litigant, commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983, asserting claims arising from events that occurred while he was a minor student in the Phoenixville Area School District ("PASD"). Currently before the

---

[1] Plaintiff filed this action under the pseudonym John Doe, but in his Emergency Motion for Temporary Restraining Order (ECF No. 13) he identified himself as Edmund Randolph. The Clerk of Court will be directed to amend the docket to reflect Plaintiff's identity, and the Court will refer to Plaintiff as Edmund Randolph because the Court has already denied this relief (ECF No. 5) and there is no basis for Randolph to proceed under a pseudonym.
     Federal Rule of Civil Procedure 10(a) states "the title of the complaint must name all the parties." "Courts have explained that [Rule 10(a)] illustrates the principle that judicial proceedings, civil as well as criminal, are to be conducted in public." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quotation omitted). "A plaintiff's use of a pseudonym runs afoul of the public's common law right of access to judicial proceedings." *Id*. (quotation omitted). Thus, a plaintiff must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Id*. (quotation omitted). Once the risk of severe harm has been established, courts "balance a plaintiff's interest and fear against the public's strong interest in an open litigation process." *Id*. at 409. Courts only allow pseudonyms in "exceptional cases," such as those involving "abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Id*. at 408 (citing *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990)). The risk of "embarrassment or economic harm is not enough" to constitute severe harm. *Id*. While Randolph refers vaguely to "abuse" and refers to an anti-child abuse statute, that is insufficient to bring this case within the enumerated "exceptional cases." He also fails to allege any basis for a risk of severe harm given that the events he describes in the Complaint appear to have occurred years ago.

Court are Randolph's Amended Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 10) and his Complaint ("Compl." (ECF No. 9), in which he asserts claims against PASD and related individuals.[2] For the following reasons, the Court will grant Randolph leave to proceed *in forma pauperis*, dismiss his request for declaratory relief and his claims based on 18 U.S.C. § 2588 with prejudice, and dismiss the remainder of his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Mr. Randolph will be granted leave to file an amended complaint.

I.   **FACTUAL ALLEGATIONS**[3]

Randolph's allegations are brief and somewhat vague. The gravamen of his claims is that he was subjected to otherwise undescribed "abuse" while a minor attending school in the PASD. He asserts these claims against former wrestling coach Adam Staton, assistant coach Josh Moyer, the PASD and unidentified administrators, and other individuals who are allegedly identified in related grievances and legal filings. (Compl. at 1.) Randolph alleges that Staton, assisted by Moyer, excluded him from a wrestling match for which he was qualified to participate. (*Id*. at 2, 4.) He claims that he was denied support services "following a clear self-harm incident," but does not identify who denied these services. (*Id*. at 4.) He claims that he experienced retaliation, but does not describe the alleged retaliatory conduct, or what caused the

---

[2] Also pending is Mr. Randolph's Motion to Vacate (ECF No. 11), which seeks to vacate the reassignment of this case to the undersigned after it was incorrectly assigned to the Honorable Joshua D. Wolson. The reassignement was correct pursuant to Local Rule 40.1.IV. The Motion will be denied.

[3] The factual allegations set forth in this Memorandum are taken from Randolph's Complaint (ECF No. 9). The Court adopts the pagination supplied by the CM/ECF docketing system. Where appropriate, grammar, spelling, and punctuation errors in Randolph's pleadings will be corrected for clarity.

retaliation, and does not identify which, if any of the Defendants participated in the retaliation. (*Id.*) He claims that the named Defendants violated their ethical duties as Pennsylvania educators, failed to report the allegedly abusive conduct he experienced despite a mandate to do so, and thereby enabled the abuse. (*Id.*) He claims that, although there were multiple witnesses to the alleged abusive conduct and to his "deteriorating condition," none of the witnesses intervened. (*Id.*) As a result, Mr. Randolph has experienced enduring psychological trauma, his teaching certification has been revoked, he has become at risk of homelessness, and has been required to rely on public assistance. (*Id*. at 2.)

Mr. Randolph asserts equal protection claims, claims pursuant to 18 U.S.C. § 2258, and unspecified state law claims.[4] (*Id*. at 1.) He seeks a declaratory judgment in the form of a "formal acknowledgment and liability determination,"[5] unspecified injunctive relief,[6]

---

[4] Randolph does not identify any state law claims in his Complaint and the Court declines to speculate as to the possible nature of those claims. If Randolph chooses to file an amended complaint, he may assert relevant state law claims.

[5] Randolph's request for declaratory relief is improper because declaratory relief is unavailable to adjudicate past conduct. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). A declaratory judgment is also not "meant simply to proclaim that one party is liable to another." *Corliss*, 200 F. App'x at 84 (*per curiam*); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

[6] Randolph does not describe the nature of the injunctive relief he seeks. In light of the Court's disposition of his claims, Randolph's request for injunctive relief will be denied without prejudice at this time.

appointment of a federal special prosecutor,[7] accommodation for an unidentified disability,[8] and money damages. (*Id*. at 2.)

## II. STANDARD OF REVIEW

The Court will grant Randolph leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v.*

---

[7] The Court understands Randolph to be asserting a claim based on the alleged failure to investigate the abuse to which he alleges he was subjected and seeking appointment of a special prosecutor to address the resulting injuries. "[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (quotations omitted); *see also Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (*per curiam*) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual."). The relief Randolph seeks is not available in a § 1983 action. *See Agarwal v. Schuylkill Cnty. Tax. Claims Bur.*, No. 09-1921, 2010 WL 5175021 at *14 (M.D. Pa. July 27, 2010) (dismissing plaintiffs' request for appointment of special federal prosecutor because "such relief is not available in a 1983 civil rights action.").

[8] Randolph does not allege that he is disabled and does not identify any legal basis for his request for any associated accommodation. If he chooses to file an amended complaint, he may clarify this claim.

*Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Randolph is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.*; s*ee also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support."). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Vogt*, 8 F. 4th at 185 (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

### III.    DISCUSSION

#### A.    Claims Pursuant to 18 U.S.C. 2588

Randolph purports to assert a claim pursuant to 18 U.S.C. 2588. (Compl at 1.) Section 2258 is a criminal statute that imposes a fine or period of imprisonment upon certain specified individuals who fail to timely report suspected child abuse. *See* 18 U.S.C. § 2258. However, the statute, like most criminal statutes, does not give rise to a basis for civil liability. *See Humphries v. Newman*, No. 22-7043, 2022 WL 612657, at *5 (D.C. Cir. Mar. 2, 2022) (dismissing *pro se* complaint alleging, *inter alia*, failure to report child abuse for failure to state a claim under this and other criminal statutes which do not provide for private right of action); *Davis v. City of New Haven*, No. 11-1829, 2014 WL 1315660, at *5-6 (D. Conn. Mar. 30, 2014) (denying as futile

5

motion to amend complaint to add claim under 18 U.S.C. § 2258 because statute does not create a private right of action). Mr. Randolph's claims asserted pursuant to 18 U.S.C. § 2258 will be dismissed with prejudice.

### B. Equal Protection Claims

Mr. Randolph purports to assert an equal protection claim.[9] (Compl. at 1.) "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Cntr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). "A plaintiff stating a claim under the Equal Protection Clause must allege that he has been treated differently because of his membership in a suspect class or his exercise of a fundamental right, or that he has been treated differently from similarly-situated others and that this differential treatment was not rationally related to a legitimate state interest." *Young v. New Sewickley Twp.*, 160 F. App'x. 263, 266 (3d Cir. 2005) (citing *City of Cleburne v. Cleburne Living Cntr.*, 473 U.S. 432 (1985)). "Persons are 'similarly situated' for purposes of an equal protection claim when 'they are alike in all relevant aspects.'" *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (emphasis omitted). Additionally, to state a race-based equal protection claim, a plaintiff must allege that defendants were motivated by racial animus. *W.B. v. Matula*, 67 F.3d 484, 503 (3d

---

[9] Randolph asserts claims based on alleged violations of his constitutional rights. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).

Cir. 1995) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Pratt v. Thornburgh*, 807 F.2d 355, 357 (3d Cir. 1986)).

Mr. Randolph's equal protection claim is wholly undeveloped. He does not allege that he is a member of a protected class, and does not allege that the Defendants treated him differently because of his membership in a protected class or because he exercised a fundamental right. He does not allege that he was treated differently from other similarly situated individuals. In short, the Complaint does not contain "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Randolph's equal protection claim, as pled, is not plausible and will be dismissed. Randolph will be granted leave to amend this claim.

C. **Statute of Limitations**

In his Amended Motion for Leave to Proceed *In Forma Pauperis*, Mr. Randolph attests that he is currently 40 years old. (ECF No. 10.) In his Complaint, he alleges that the events giving rise to his claims occurred when he was a minor, approximately 22 years ago at the least. (Compl. at 1.) The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, the limitations period applicable to Randolph's § 1983 claim and to any claims arising under Pennsylvania law is two years, and his claims, therefore, appear time-barred.

A statute of limitations generally begins to run when a cause of action accrues. *See William A. Graham Co. v. Haughey*, 646 F.3d 138, 147 (3d Cir. 2011). "[T]he accrual date for federal claims is governed by federal law, irrespective of the source of the limitations period." *Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516, 520 (3d Cir. 2007); see also *Romero v. Allstate*

*Corp.*, 404 F.3d 212, 221 (3d Cir. 2005) ("To determine the accrual date of a federal claim, we utilize the federal 'discovery rule' when there is no controlling federal statute.")  The "standard rule" under federal law is that a claim accrues "when the plaintiff has a complete and present cause of action." *Gabelli v. SEC*, 568 U.S. 442, 448 (2013) (citation omitted); *see also Haughey*, 646 F.3d at 146-47.  It is often the case, then, that a claim accrues – and the statute of limitations begins to run – when a violation or injury actually occurs.  This is sometimes referred to as the "occurrence rule." *See G.L. v. Ligonier Valley Sch. Dist. Auth.*, 802 F.3d 601, 613 (3d Cir. 2015).

      The federal discovery rule "is an exception to the usual principle that the statute of limitations begins to run immediately upon accrual regardless of whether or not the injured party has any idea what has happened to him." *Stephens v. Clash*, 796 F.3d 281, 284 (3d Cir. 2015) (cleaned up).  "In general, the discovery rule tolls the limitations period until the plaintiff learns of his cause of action or with reasonable diligence could have done so." *Id*. (cleaned up).  There appears to be no meaningful difference between Pennsylvania's state rule of law and the federal standard regarding the discovery rule.  *Kach*, 589 F.3d at 642-42 (analyzing whether Pennsylvania's discovery rule tolled the plaintiff's § 1983 claims).  In Pennsylvania, the discovery rule may operate to delay the running of the statute of limitations in certain circumstances.  *Nicolaou v. Martin*, 195 A.3d 880, 892 (Pa. 2018) ("the discovery rule tolls the statute of limitations where the plaintiff is reasonably unaware that he has been injured and that his injury has been caused by another party's conduct") (citing *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005)).  "As the discovery rule has developed, the salient point giving rise to its application is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause." *Fine*, at 859.  "The reasonable diligence standard is

8

objective, as the question is not what the plaintiff actually knew of the injury or its cause, but what he might have known by exercising the diligence required by law." *Nicolaou*, 195 A.3d at 893. (citations omitted). However, "the objective reasonable diligence standard is 'sufficiently flexible . . . to take into account the differences between persons and their capacity to meet certain situations and the circumstances confronting them at the time in question.'" *Id.* (quoting *Fine*, 870 A.2d at 858).

Whether or not Pennsylvania's discovery rule applies in a given case is a question of fact. *Id.* at 894; *Gleason v. Borough of Moosic*, 15 A.3d 479, 485 (Pa. 2011). As such, it is properly a question for the jury unless no reasonable juror could find otherwise. *Fine*, 870 A.2d at 858-59. "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

Unless otherwise tolled, Mr. Randolph's claims accrued approximately 22 years ago and are now time-barred. He does not allege that he has only recently become aware that he was injured by the Defendants' conduct, or that he could not reasonably have become aware of his injuries at an earlier time. He offers no explanation for the long delay in pursuing relief. Notably, Pennsylvania has extended the limitations period for commencing an action arising from sexual abuse suffered as a minor. *See* 42 Pa. Stat. and Cons. Stat. 5533(b)(2)(i): "If an individual entitled to bring a civil action arising from sexual abuse is under 18 years of age at the time the cause of action accrues, the individual shall have a period of 37 years after attaining 18 years of age in which to commence an action for damages regardless of whether the individual files a criminal complaint regarding the sexual abuse." But Randolph does not clearly

characterize the alleged abuse described in his Complaint as sexual and therefore the possible application of the provision remains unclear.

Because the nature of the alleged abuse is not readily apparent from the scant information included in the Complaint, the Court will permit Mr. Randolph to file an amended complaint to address the timeliness of his claims.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Mr. Randolph leave to proceed *in forma pauperis*, dismiss his request for declaratory relief and his claims based on 18 U.S.C. § 2588 with prejudice, and dismiss the remainder of his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Randolph will be granted leave to file an amended complaint.

An appropriate Order accompanies this Memorandum.

                                       **BY THE COURT:**

                                    **/s/ Gerald Austin McHugh**
                                    **GERALD A. MCHUGH, J.**